UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARY ELLEN A. WILBER,

                                    Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                                 07-CV-57S

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.


        1.      Plaintiff Mary Ellen A. Wilber challenges an Administrative Law Judge's

("ALJ") determination that she is not disabled within the meaning of the Social Security Act

("the Act").  Plaintiff alleges that she has been disabled since September 22, 2003, due to

right knee nondisplaced-fracture of the patella facet, right shoulder rotator cuff injury, and

left wrist median nerve entrapment.  Plaintiff contends that her impairments render her

unable to work.  She therefore asserts that she is entitled to disability benefits under the

Act.

        2.      Plaintiff filed an application for disability insurance benefits on May 25, 2004.

Her application was denied initially on September 17, 2004, and Plaintiff requested a

hearing before an ALJ, which was held on February 7, 2005.  The ALJ considered

Plaintiff's case *de novo*, and on July 27, 2005, issued a decision denying Plaintiff's

application for benefits.

        Plaintiff exhausted her administrative remedies[1] and filed the instant action on

February 1, 2007, challenging the ALJ's decision.  The parties subsequently filed Motions

for Judgment on the Pleadings on July 2, 2007, and September 21, 2007.  After full

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals
Council denied Plaintiff's request for review on December 16, 2006

briefing, this Court deemed oral argument unnecessary and took the motions under advisement on October 12, 2007.  For the following reasons, Defendant's motion is denied and Plaintiff's motion is granted.

3.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).    Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

5.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

6.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since September 22, 2003 (R. at 24); (2) Plaintiff's impairments are considered "severe" impairments within the meaning of the Act (R. at 24); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 24); (4) Plaintiff retained the residual functional capacity to perform work activity with certain restrictions[2] (R. at 24); and (5) Plaintiff had past relevant work experience as a manager of a residence for disabled adults, a case manager at Geneva Scruggs Clinic, and a coordinator for a public health department.  (R. at 18-19).

---

[2] In particular, the ALJ found that "[Plaintiff] retains the capacity to lift and carry up to ten pounds frequently and twenty pounds occasionally.  The claimant can sit for two hours and stand or walk for up to six hours during the course of an eight hour workday.  The claimant cannot work in areas with unprotected heights, around heavy, moving and dangerous machinery or climb ropes, ladders or scaffolds.  [Plaintiff] has occasional limitations in her ability to bend, climb, stoop, squat, crawl, kneel, balance and reach in all directions with her right upper extremity.  She cannot work in areas where she would be exposed to cold or dampness.  Her limitations, however, do not significantly reduce her capacity for an extensive range of light work."  (R. at 23).

9.      Plaintiff advances a number of challenges to the ALJ's decision, one of which is persuasive.   Plaintiff argues that the ALJ failed to properly evaluate her credibility. (Plaintiff's Mem., Docket No. 10-2, pp. 17-19).   In particular, this Court finds that the ALJ failed to account for Plaintiff's good work history in making his credibility determination.

"A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."  Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. and Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003).   This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519.   As the courts in this Circuit have recognized, the failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings."   Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d 114 (Table) (2d Cir. 1997)).

In the present case, the record demonstrates that Plaintiff has a lengthy and good work history.   At the time of the alleged onset of her disability in September of 2003, Plaintiff was working as a Public Health Department Coordinator for the Erie County Health Department where she had worked since February of 2001.   (R. at 490).   Plaintiff's prior work history includes work as an Executive Director of the American Cancer Society (R. at 493), 5 years as a researcher and AIDS/HIV case manager in Genesee County (R. at 494-96), and 14 years as the Assistant Director of the West Seneca Development Center, a residential facility for disabled adults (R. at 491).   The ALJ commented at the hearing that

5

this was "very impressive work."  (R. at 497).

Based on this work history, the ALJ was required to afford "substantial credibility" to Plaintiff's claim that she is unable to work because of her disability or specifically state in his decision why Plaintiff was not credible despite her work history.  Rivera, 717 F.2d at 725.  However, the ALJ neither discussed Plaintiff's work history, nor indicated what weight, if any, he afforded it.[3]  The credibility finding therefore does not comply with the governing case law.  Because the ALJ's credibility finding is legally deficient, this Court will remand this case to allow the ALJ to properly consider Plaintiff's work history and afford it the weight required by law.

10.      The legal error identified above is significant because it impacts several of the ALJ's other determinations.  For example, the ALJ's consideration of Plaintiff's impairments, and his assessment of Plaintiff's residual functional capacity, were informed by his disbelief of Plaintiff's subjective reports of severe headaches and pain.  If the ALJ determines that Plaintiff is entitled to substantial credibility or even favorable credibility, his determinations on these issues will necessarily be different.  The ALJ should therefore revisit these issues, which Plaintiff raises in her summary judgment motion, on remand as well.

11.      After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision.  Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion is denied.

---

[3] Beyond noting that Plaintiff has past relevant work experience as a manager of a residence for disabled adults, a case manager at Geneva Scruggs Clinic, and a coordinator for a public health department (R. at 18-19), and opining that Plaintiff could return to this work (R. at 24), the ALJ did not discuss Plaintiff's work history.

12.     For the foregoing reasons,

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings

(Docket No. 5) is DENIED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10)

is GRANTED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security

for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to

close this case.

SO ORDERED.

Dated:   March 26, 2008
         Buffalo, New York


                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                       United States District Judge